**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SVETLANA DALI,                                    )
                                                  )
        Plaintiff,                                )
                                                  )
v.                                                )        Civil Action No. 1:25-cv-04156 (UNA)
                                                  )
                                                  )
USCIS HEADQUARTERS, et al.,                       )
                                                  )
                                                  )
        Defendants.                               )

**<u>MEMORANDUM OPINION</u>**

This matter, brought *pro se*, is before the Court on review of the Complaint, ECF No. 1, and Plaintiff's Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2.  The Court will grant IFP Application and, for the reasons explained below, it dismisses this case without prejudice.

Plaintiff sues "USCIS Headquarters (DHS)"—even though the U.S. Citizenship and Immigration Services and the Department of Homeland Security are different agencies—and "USPS Post Office Services." *See* Compl. at 2.  The alleged wrongdoing of the Postal Service, if any, is unclear.  *See* Compl. at 2.  The Complaint is vague, and its allegations are difficult to discern.  As best understood, it appears that Plaintiff challenges USCIS's decision not to expedite her Form I-751 petitions to remove conditions on residence. *See id*. at 3–4.   She then pivots, broadly alleging that her "Requests for FOIA [were] blocked many times." *See id*. at 4.

*Pro se* litigants must comply with the applicable Rules of Civil Procedure.  *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987).  Relevant here, Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8(a) standard ensures that defendants receive fair notice of the claims asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Additionally, "each allegation [in a pleading] must be simple, concise, and direct[,]" Fed. R. Civ. P. 8(d)(1), and Plaintiff's allegations simply cannot be described that way.

Indeed, courts have "unhesitatingly dismissed actions where the complaint" fails to comply with Federal Rule 8, including those that characterized as "confusing, ambiguous, redundant, vague and, in some respects, unintelligible." *See Brown*, 75 F.R.D. at 499 (collecting cases) (citation omitted). Moreover, Federal Rule 12(b)(6) authorizes dismissal of claims without any legal basis, "without regard to whether [the claims are] based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (per curiam) (authorizing *sua sponte* dismissal for failure to state a claim). Here, Plaintiff's Complaint is largely devoid of substantive factual allegations. It contains mainly conclusory statements and ambiguous assertions; therefore, neither the Court nor Defendants can clearly identify the nature of Plaintiff's intended claims, or determine whether she is entitled to any relief. Indeed, the relief sought, if any, is unspecified.

Insofar as Plaintiff challenges Defendants' responses to FOIA request(s), she does not adequately allege that a particular agency has improperly withheld records responsive to a properly submitted FOIA request. *See Marcusse v. U.S. Dep't of Justice Office of Info. Policy*, 959 F. Supp. 2d 130, 140 (D.D.C. 2013). The Complaint neither references a FOIA request number or any other

details relating to any requests that Plaintiff submitted, nor does it contain any other relevant information, *e.g,* a copy of the actual requests submitted.

With respect to Plaintiff's petitions to USCIS, Plaintiff has also fallen short. Although Plaintiff does not cite to it, the Court notes that Administrative Procedures Act ("APA") requires agencies to "proceed to conclude a matter presented to [them]" in a "reasonable time," 5 U.S.C. § 555(b), and authorizes reviewing courts to review an agency's alleged "failure to act," *see id*. § 551(13), including compelling an "agency action unlawfully withheld or unreasonably delayed," *see id*. § 706(1). "Failures to act are sometimes remediable under the APA, but not always." *Norton v. S. Utah Wilderness All*., 542 U.S. 55, 61 (2004). "Resolution of a claim of unreasonable delay is ordinarily a complicated and nuanced task requiring consideration of the particular facts and circumstance before the court." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003). "There is no *per se* rule as to how long is too long to wait for agency action," *In re Am. Rivers & Idaho Rivers United*, 372 F.3d 413, 419 (D.C. Cir. 2004) (internal quotation marks omitted), but in determining whether a delay in agency action is unreasonable, the Court applies six overarching factors, *see Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) (listing the "TRAC" factors).

Here, Plaintiff does not address these factors, let alone meet them, and she does not otherwise provide enough information for the Court to independently assess them. Furthermore, without more information, and generally speaking, "[p]rocessing capacity is presently a zero-sum game," and granting a request "to expedite [a USCIS petition] would necessarily mean additional delays for other applicants—many of whom undoubtedly face hardships of their own." *Murway v. Blinken*, No. 21-1618, 2022 WL 493082, at *4 (D.D.C. Feb. 16, 2022) (citing cases) (internal quotations omitted); *see also Tate v. Pompeo*, 513 F. Supp. 3d 132, 150 (D.D.C. Jan. 16, 2021)

("While the effect of an individual case would be minimal, an accumulation of such individual cases being pushed by judicial fiat to the front of the line would erode the ability of agencies to determine their priorities."). Simply put, because Plaintiff has not alleged enough facts showing that any alleged delay or lack of action has been unreasonable, or that there exists some clear impropriety on the part of Defendants, her allegations are insufficient to sustain a cause of action under the APA.

Accordingly, and for all of these reasons, this case is dismissed without prejudice. Plaintiff's Motion to Expedite, ECF No. 3, is denied as moot. A separate Order accompanies this Memorandum Opinion.

Date:   April 17, 2026

_____/s/_____
  RUDOLPH CONTRERAS
United States District Judge